AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Apolinario Godinez Perez<br><br>Defendant(s) | Case No. 25mj6261-Valle |

FILED BY __AR__ D.C.
Apr 28, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **April 23, 2025** in the county of **Broward** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8 U.S.C. Section 1326(a) and (b)(1) | Illegal Reentry After Removal |

This criminal complaint is based on these facts:
See attached affidavit

☒ Continued on the attached sheet.

_____
Complainant's signature

Christy Huffman, CBP Officer
Printed name and title

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Facetime

Date: __04/28/2025__

_____
Judge's signature

City and state: __Ft. Lauderdale, FL__    Alicia O. Valle, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christy Huffman, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I am a United States Customs and Border Protection (CBP) Enforcement Officer at the Port Everglades Seaport and have been so employed since February 2008. I also served in this same capacity at the Miami Seaport, in Miami, Florida during this time. Prior to assuming this position, I was a CBP Officer at Miami International Airport and an Immigration Inspector with the United States Immigration and Naturalization Service in Columbus, New Mexico, and was employed by those agencies since March 2003. I am responsible for conducting criminal investigations of the criminal statutes contained in the Immigration and Nationality Act, as amended and related offenses contained in Titles 8 and 18 of the United States Code.

2.  I submit this affidavit in support of a criminal complaint against Apolinario GODINEZ PEREZ hereafter "GODINEZ PEREZ". As explained below, there is probable cause to believe that, on or about April 23, 2025, in Broward County, in the Southern District of Florida, GODINEZ PEREZ violated Title 8, United States Code, Section 1326(a) and (b)(1), that is, reentry by a removed alien.

3.  The facts contained in this affidavit are based on my personal knowledge, as well as information relayed to me by other law enforcement officials involved in this investigation. I have not included in this affidavit every fact known to me about this investigation. Rather, I have included only the facts that are sufficient to establish probable cause for the issuance of a criminal complaint against GODINEZ PEREZ for the above-described criminal violation.

## PROBABLE CAUSE

4. On or about April 23, 2025, pursuant to a law enforcement vehicle stop, CBP Field Operations officers arrested GODINEZ PEREZ, a citizen and native of Guatemala, during a vehicle stop near his residence located at 3631 N 66th Ave Hollywood, Florida. At the time of his arrest, GODINEZ PEREZ was in possession of valid Guatemalan Consular Identification Card (#N059-747847-1329).

5. During processing at CBP facilities at Port Everglades, Fort Lauderdale Florida GODINEZ PEREZ's biographical data and fingerprints were entered into the Integrated Automated Fingerprint Identification System (IAFIS) which confirmed his known identity.

6. Records from U.S. Department of Homeland Security ("DHS") databases showed that on or about July 23, 2008, GODINEZ PEREZ was issued a Final Order of Removal by an Immigration Judge pursuant to Section 240 of the Immigration and Nationality Act as amended. At that time, GODINEZ PEREZ was barred from returning to the United States without seeking special permission for a period of 10 years. On or about July 29, 2008, GODINEZ PEREZ was removed from the United States from Miami, Florida to Guatemala via American Airlines flight # 993. On April 27, 2009, GODINEZ PEREZ was encountered in Douglas, Arizona in violation of the previous order issued by the Immigration Judge dated July 23, 2008. On or about May 1, 2009, GODINEZ PEREZ was barred from returning to the United States without seeking special permission for a period of 20 years. On May 29, 2009, GODINEZ PEREZ was removed from the United States from Alexandria, Louisiana via ICE Air Charter flight. On August 19, 2014, GODINEZ PEREZ was encountered in Rio Grande City, Texas in violation of the previous order issued by the Immigration Judge dated July 23, 2008. On or about August 19, 2004, GODINEZ

PEREZ was barred from returning to the United States without seeking special permission for a period of 20 years. On or about August 22, 2014, GODINEZ PEREZ was removed from the United States from Brownsville, Texas via ICE Air Charter flight. On or about November 8, 2016, GODINEZ PEREZ was encountered in Tucson, Arizona in violation of the previous order issued by the Immigration Judge dated July 23, 2008. On or about November 8, 2016, CBP ordered GODINEZ PEREZ removed from the United States to Guatemala pursuant to Section 235(b)(1) of the Immigration and Nationality Act as amended. On or about November 25, 2016, GODINEZ PEREZ was removed from the United States from Phoenix, Arizona via ICE Air Charter flight to Guatemala and barred from returning to the United States without special permission for a period of five years.

7. Thereafter, on or about April 23, 2025, GODINEZ PEREZ was found in the United States by law enforcement during a traffic stop in Broward County, Florida.

8. A record check was performed in the Computer Linked Application Informational Management System (CLAIMS) to determine if GODINEZ PEREZ filed an application for permission to reapply for admission into the United States after deportation or removal. The search performed in CLAIMS found no record indicating that GODINEZ PEREZ applied for or obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

## CONCLUSION

9. Based on the facts set forth above, I respectfully submit that there is probable cause to believe that on or about April 23, 2025, in Broward County, in the Southern District of Florida, GODINEZ PEREZ committed a violation of 8, United States Code, Section 1326(a) and (b)(1), that is, reentry by an alien who has been previously removed from the United States without having received the permission from the Attorney General of the United States or his successor the Secretary for the Department of Homeland Security.

**FURTHER AFFIANT SAYETH NAUGHT.**

_[signature]_
Christy Huffman
Enforcement Officer
U.S. Customs and Border Protection

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime on this 28th day of April 2025.

_[signature]_
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 25mj6261-Valle

### BOND RECOMMENDATION

DEFENDANT: Apolinario Godinez Perez

Pre-Trial Detention recommended

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *M. Catherine Koontz*
AUSA: M. CATHERINE KOONTZ

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s): Christy Huffman, CBP Officer
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)